## Gibble's Estate.

*Decedents' estates—Exceptions to administratrix' account—Res adjudicata.*

Where the Orphans' Court has already passed upon exceptions to the account of an administratrix, a petition for a further accounting will be dismissed, which neither shows any property remaining in the hands of the accountant or that any has reached her since the filing of the first account. Under such circumstances the facts in dispute are res adjudicata.

Argued Oct. 28, 1918. Appeal, No. 223, Oct. T., 1918, by Martha L. Katterman, from decree of O. C. Lebanon Co., No. 2, Aug. T., 1915, discharging rule for a further accounting in Estate of John H. Gibble, deceased. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Rule for further accounting. HENRY, P. J., filed the following opinion:

A rule has been granted upon the administratrix of the estate of the said John H. Gibble, deceased, to show cause why she should not account for the proceeds of certain property belonging to said estate and which she as such administratrix received or should have received in the course of administration.

The said administratrix filed in this court her first and final account, to which exceptions were filed, one of which was sustained and the others overruled by the court. The testimony taken before the auditor appointed to pass upon these exceptions showed that the said administratrix had not accounted for the proceeds of certain

214, (1919).] Opinion of Court below—Opinion of the Court.

personal property and in disposing of the said exceptions the court so found, but declined to surcharge the account for the reason that there was no evidence upon which the amount of surcharge could be based. The exceptant, here the petitioner for the rule, attempted to show the amount in which the accountant was delinquent, but failed in this effort, and for this reason the court overruled the exceptions which were designed to result in the surcharging of the accountant. There is nothing in the petition or the answer thereto to indicate that there is any property remaining in the hands of the accountant or that any reached her hands since the time of the filing of what was assumed to be a final account. Under this state of facts it is very apparent that the matters set forth and complained of in the petition have been adjudicated. The petitioner attempted to show the extent to which the accountant had failed to charge herself with moneys or property not accounted for, she has had her day in court and the making of the rule absolute would be a retrial of the facts passed upon by the auditor and this court. If there is any place for the application of the rule of res adjudicata this is that case.

And now, to wit, January 5, 1918, the rule granted at the instance of the petitioner, Martha L. Katterman, is discharged.

*Error assigned* was the decree of the court.

*Harry A. Honker,* for appellant.

*L. Raymond Riegert,* for appellee.

PER CURIAM, February 28, 1919:

The assignment of error raises but a single question, and that is fully answered and rightly disposed of in the two opinions filed in the court below.

The judgment is affirmed.